IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANIEL GEORGE KELLEY                                         PLAINTIFF

V.                                          CIVIL ACTION NO. 3:15-cv-843-DPJ-FKB

QUALITY CORRECTIONAL HEALTH CARE,
DR. DONALD KERN, KIM JACKSON, NURSE
JANE DOE, NURSE VICTORIA VOE, NURSE
RHONDA ROE, NURSE BETTY BOE,
and NURSE PATRICIA POE                                DEFENDANTS

**ORDER**

Before the Court are the following motions filed by the plaintiff, Daniel George Kelley: Motion to Compel Discovery [46], Motion for Sanctions [47], Motion for Sanctions [48], Motion to Compel Discovery [49], Motion for Discovery [50], Motion for Contempt [61], Motion to Compel Discovery [63], and Motion for Leave to File Amended Witness List [65]. Also before the Court is Defendants' Motion for Extension of Time to File Response to Discovery [60].

**I. Motions [46], [47], [48], [49], and [50]**

Kelley filed motions [46], [47], [48], [49], and [50] on May 5, 2017.

Motions [46] and [49] are identical, with one appearing to be a photocopy of the other, and each being filed on the same day. Motion [46] includes exhibits that motion [49] does not.

Motions [47] and [48] are also identical photocopies of one another. Motion [48] includes an exhibit, however, whereas motion [47] does not.

Motion [50] is identical to, and appears to be a photocopy of, motion [39], which the Court already granted in part and denied in part in an order filed May 15, 2017. *See* [51].

Order [51] addresses the issues which Kelley raises in motions [46], [47], [48], [49], and [50]. In motions [46] and [49], Kelley requests that the Court order Defendants to produce certain

documents which were the subject of motion [39]. In motions [47] and [48], Kelley requests that the Court impose sanctions on Defendants for having not produced the documents he sought in motion [39]. The Court explained in order [51] that Kelley had not properly requested the discovery he sought to be produced via motion [39]. The Court further explained that should Kelley wish to obtain certain documents from Defendants as part of the discovery process, he must first request the documents pursuant to Fed. R. Civ. P. 34. [51]. Accordingly, for the reasons already described by the Court in its order [51], the Court denies motions [46] and [49]. The Court also denies motion [50], as the Court has previously ruled on that motion and granted the appropriate relief. *See* [51]. As motions [47] and [48] seek sanctions against Defendants for failing to respond to discovery requests which Kelley never properly propounded, those motions are also denied.

## II. Kelley's Medical Records, Amending the Dispositive Motion Deadline, and Motion [61]

The Court notes that part of the relief it granted in its May 15, 2017, order was that the Clerk of Court subpoena Kelley's medical records from East Mississippi Correctional Facility ("EMCF"). [51] at 2. Specifically, the Court directed the Clerk of Court to "issue a subpoena requesting the entire medical record of Plaintiff Daniel Kelley to the following: Ollie Little, Health Services Administrator, East Mississippi Correctional Facility, 10641 Hwy. 80 W., Meridian, Mississippi, 39301." *Id.* The Clerk of Court subpoenaed the records as requested, but the subpoena was returned unexecuted, as Ollie Little apparently no longer worked at EMCF. [52] and [53]. As the Court noted in its order, Kelley has a right to his medical records. *Id.* As far as the Court can ascertain, he has not yet received copies of his medical records from EMCF. Accordingly, the Court directs that the Clerk of Court issue another subpoena consistent with the Court's May 15, 2017, order, but this time addressing it to the "Records Custodian," instead of Ollie Little. The Clerk of Court is directed to contact the undersigned's chambers should this subpoena also be

returned unexecuted.

Kelley filed a motion [61] requesting that the Court find the Health Services Administrator at EMCF in contempt for not having responded to the May 15, 2017, subpoena. Kelley also requested that the Court impose sanctions on the Health Services Administrator for not having responded to the subpoena. *Id.* As the subpoena was never executed, and the Court has ordered another to be issued seeking the same documents, the Court finds motion [61] to be moot.

The Court also finds that good cause exists to amend the current scheduling order. "A schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015). "There are four relevant factors to consider when determining good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.' *Id.* (citing *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

As Kelley apparently never received his medical records from EMCF, the Court finds that the deadlines for discovery, expert designations, and dispositive motions should be extended to allow him to make use of those records should he find it necessary. The Court finds that good cause exists for extending the discovery, expert designation, and dispositive motions deadlines. The need for the extended deadlines was not a result of any action by Kelley, and it concerns a potentially important production of documents. The Court can find no prejudice in extending these deadlines and the trial date, and finds that a continuance is available to remedy Kelley's having

not received a copy of his medical records.

### III. Motion [60]

Defendants requested an additional fourteen (14) days to respond to Kelley's discovery requests, which were originally due on July 5, 2017. [60] at 1. Defendants retained new counsel on June 29, 2017, and requested additional time for their new attorneys to become familiar with the case so that they could properly respond to the discovery requests. *Id.* The Court finds that (1) Defendants have shown good cause for the requested extension, (2) the requested extension is important as it will better allow Defendants to respond more fully, (3) no prejudice will result from the additional fourteen days to respond, and (4) an extension is available to give Defendants the requested time to respond. Therefore, Defendants' motion for an additional fourteen (14) days to respond to Kelley's discovery requests is granted. As a result of the extension, Defendants responses were due July 19, 2017. Defendants filed a Notice of Service of Supplemental Responses to Requests for Production on July 19, 2017.

### IV. Motion [63]

Motion [63] was filed on July 26, 2017, but is dated July 7, 2017. *See* [63]. In the motion, Kelley states that he had received incomplete responses to his May 21, 2017, discovery requests. *Id.* at 2. He requests that the Court enter an order requiring defendants to provide full responses to his requests for production within fourteen days of the motion's filing. *Id.*

Because Kelley dated his motion July 7, 2017, it is likely he wrote it prior to receiving Defendants' supplemental responses dated July 19, 2017. Additionally, on August 18, 2017, Defendants filed a notice of service of a second supplemental response to Kelley's requests for production of documents. *See* [70]. It seems likely that Kelley has received the discovery responses at issue in motion [63] since July 7, 2017. Accordingly, the Court finds motion [63] to be moot.

However, if Kelley has not received the information at issue in motion [63], he is permitted to file a motion to compel its production.

## V. Motion [65]

Kelley seeks leave of the Court to file an amended witness list. Defendants have filed no response in opposition. Therefore, the Court grants motion [65]. Plaintiff shall file his amended witness list by February 23, 2018.

## VI. Amended Scheduling Order

For the reasons described in this Order, the Court amends the previous Omnibus Order and sets the following deadlines: Plaintiff shall designate experts, if any, by February 23, 2018; Defendants shall designate experts, if any, by March 16, 2018; discovery shall be completed by April 3, 2018; and dispositive and *Daubert* motions shall be filed by April 17, 2018. The pretrial conference in this matter is set for August 10, 2018, time to be determined, before District Judge Daniel P. Jordan, III. This matter is set for a bench trial before District Judge Daniel P. Jordan, III, for the two-week term of court commencing September 17, 2018, at 9:00 a.m., in Courtroom 5A of the United States Courthouse in Jackson, Mississippi.

For the reasons stated above, motions [46], [47], [48], [49], and [50] are DENIED, motions [60] and [65] are GRANTED, and motions [61] and [63] are found MOOT. The schedule contained within the Omnibus Order [37] is amended, as set forth above.

SO ORDERED, this the 11th day of January, 2018.

                                          /s/ F. Keith Ball
                                          UNITED STATES MAGISTRATE JUDGE